PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CYNTHIA JOHNSON (CABN 328932)
Special Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3693
   FAX: (510) 637-3724
   Cynthia.Johnson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MARK ANTHONY KILCREASE,<br><br>    Defendant. | Case No.: 4:24-CR-00587-AMO<br><br>GOVERNMENT'S SENTENCING MEMORANDUM<br><br>Hon. Araceli Martinez-Olguin<br><br>Date: May 12, 2025<br>Time: 2:00 PM |

I. **INTRODUCTION**

On March 10, 2025, pursuant to a written plea agreement under Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the defendant, Mark Anthony Kilcrease, pleaded guilty to Count One of the felony Indictment charging him with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In calculating Mr. Kilcrease's U.S. Sentencing Guidelines range, the Government did not include his two felony convictions for assault with a deadly weapon as crimes of violence because at the time *United States v. Gomez*, 115 F.4th 987 (9th Cir. 2024), was binding law. However, as of April 14, 2025, *Gomez* was granted *en banc* review. *Gomez* was vacated and is without precedential value. Prior precedent (pre-*Gomez* law) holding 245(a) a crime of violence, is once again binding on this court.

Probation has concluded that the defendant's range, given two prior felony crimes of violence is 77-96 months with an adjusted offense level of 21 and a criminal history category of VI. *See* Pre-Sentence Report at 25 (Dkt. 17). As set forth below, it is the Government's view that Probation's offense level calculation is correct. However, the Government stands by its agreement to recommend a sentence of 21 months, which was negotiated and agreed to when *Gomez* was binding law. Should the court accept the plea agreement, the Government seeks specific performance of the agreement and a sentence to run **consecutively** to any anticipated state sentence, as per the parties' agreement. *See* Plea Agreement at ¶ 16 (Dkt. 15). The recommended sentence is sufficient, but not greater than necessary, to achieve the sentencing goals of 18 U.S.C. § 3553(a).

## II.   BACKGROUND

The Pre-Sentence Report ("PSR") describes the procedural history, offense conduct, and defendant's criminal history. *See* PSR ¶¶ 1-9, 24-33.

## III.   PLEA AGREEMENT AND SENTENCING GUIDELINES CALCULATION

The defendant entered a guilty plea by Rule 11(c)(1)(A) and 11(c)(1)(B) plea agreement to one count of felon in possession of a firearm. The plea agreement was based on the following Guidelines offense level:

    a.  Base Offense Level:    14
        (U.S.S.G. § 2K2.1(a)(6))

    b.  Acceptance of Responsibility    - 2

    c.  Adjusted Offense Level:    12

The Government calculated a base offense level of 12 for a firearm/ammunition possession offense because the defendant was a prohibited person at the time he committed the instant offense. *See* U.S.S.G. § 2K2.1(a)(6). The sentencing range for an adjusted offense level of 12, which includes acceptance of responsibility, and a criminal history category (CHC) VI, is 30-37 months. This offense level does not consider the defendant's two crimes of violence because *Gomez* was still binding law at the time of the calculation.

Probation correctly determined that subsequent to *Gomez* being vacated, the base offense level should be 24, not 14, because the instant offense involves a defendant that sustained at least two felony

convictions that are crimes of violence. *See* U.S.S.G. § 2K2.1(a)(1). The Government agrees with Probation that the two felony convictions for assault with a deadly weapon are crimes of violence. Consequently, Probation finds that the defendant's adjusted offense level is 21, not 12, and the corresponding sentencing range with a CHC VI is 77-96 months. Nevertheless, the Government stands by the parties' plea agreement and makes the following sentencing recommendation.

## IV.     SENTENCING RECOMMENDATION

### a.     Legal Standard

Although the U.S. Sentencing Guidelines are not binding, they "are the starting point and initial benchmark but are not the only consideration…the judge should consider all of 18 U.S.C. §3553(a)'s factors…" *See Gall v. United States*, 552 U.S. 38, 49 (2007). The judge "may not presume that the Guidelines range is reasonable but must make an individualized assessment based on the facts presented." *Id*. The Court should impose a sentence that is sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in § 3553(a). *Id.* at 991-93. The key factors for the Court to consider here are the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), the need to afford adequate deterrence to criminal conduct, *id.* § 3553(a)(2)(B), and the need to protect the public from further crimes of the defendant, *id.* § 3553(a)(2)(C).

### b.     Recommended Sentence and Section 3553(a) Factors

Upon consideration of the Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a), the Government recommends a sentence of 21 months' imprisonment, which is sufficient, but not greater than necessary, to achieve the goals of sentencing. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

The defendant has an extensive criminal history that includes firearms possession (2), assault with a deadly weapon (3), spousal battery, and reckless driving. The defendant appears to have served very little prison time for the crimes he has been convicted of. Additionally, his felony convictions for

assault with a deadly weapon are considered crimes of violence. Importantly, when a Ninth Circuit panel decision—like *Gomez*—is granted *en banc* review, it is vacated and without precedential value. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 n.5 (9th Cir. 1997) (a vacated panel decision is "wholly without precedential authority"). Under Ninth Circuit rules, if *en banc* review is granted, the panel opinion may not be cited as precedent. *See* 9th Cir. R. 35-1, adv. comm. n.3. Thus, prior precedent that held 245(a) a crime of violence is once again controlling authority and binding on this court.

Notwithstanding the above, the defendant has demonstrated notable acceptance of responsibility. *See* PSR ¶ 12. He admitted the conduct, cooperated with Probation during the presentence interview, and requested an expedited PSR and sentencing (which his three pending state cases may have impacted). Moreover, the PSR makes clear that the defendant has had many struggles in his life, including exposure to drug use and physical abuse at home, gun violence, mental health issues and substance abuse. *Id*. at ¶¶ 50-55. The defendant is married and a father of three, ages 15, 11, and 9. *Id*. at ¶ 56. Furthermore, the defendant has been in state prison since January 2023. "Mr. Kilcrease has a concerning criminal history, consisting of multiple firearms offenses and crimes involving violence. He has been to state prison on multiple occasions, yet he does not appear to have been deterred from continuing to commit crimes." *Id*. at 26. Balancing all of these considerations, including the time the defendant has currently spent in state custody, the Government believes a sentence of 21 months' imprisonment run consecutively with any anticipated state sentence, followed by a three-year term of supervised release is reasonable and appropriate in this case, as it reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public. 18 U.S.C. § 3553(a)(2).

V.   **CONCLUSION**

Should the court accept the plea agreement, the Government seeks specific performance of the agreement and a sentence of 21 months of imprisonment to run **consecutively** to any anticipated state sentence as per the plea agreement, followed by 3 years of supervised release, subject to conditions in the plea agreement and proposed by U.S. Probation.

//

//

The defendant shall also pay a mandatory special assessment of $100 and forfeit the property identified in the Indictment and PSR.

Dated: May 6, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

      /S/
CYNTHIA JOHNSON
Special Assistant United States Attorney